UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 22-50019-2 |
| Plaintiff, | PLEA AGREEMENT |
| vs. | |
| JORDAN DOLNEY, | |
| Defendant. | |

The Defendant, the Defendant's attorney, and the United States Attorney for the District of South Dakota hereby submit the following Plea Agreement to the United States District Court, which Agreement was reached pursuant to discussions between the United States Attorney and the Defendant's attorney. The Agreement is as follows:

**A. ACKNOWLEDGMENT AND WAIVER OF RIGHTS AND UNDERSTANDING OF MAXIMUM PENALTIES:** The Defendant agrees that she has been fully advised of her statutory and constitutional rights herein, and that she has been informed of the charges and allegations against her and the penalty therefor, and that she understands same. The Defendant further agrees that she understands that by entering a plea of guilty as set forth hereafter, she will be waiving certain statutory and constitutional rights to which she is otherwise entitled.

**B. PLEA AGREEMENT PROCEDURE - NO RIGHT TO WITHDRAW**

**PLEA IF COURT REJECTS RECOMMENDATION:** The United States and the Defendant agree that this Plea Agreement is presented to the Court pursuant to Rules 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, which, among other things, authorize the United States to move for dismissal of other charges and to make recommendations or agree not to oppose the Defendant's request for a particular sentence. Such agreements and recommendations are not binding on the Court, and the Defendant may not withdraw her plea of guilty if the Court rejects them.

C. **PLEA OF GUILTY TO CHARGE AND DISMISSAL OF OTHER CHARGE - WAIVER OF INDICTMENT:** The Defendant will waive indictment in this case and plead guilty to a Superseding Information charging a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and 18 U.S.C. § 2. The charge carries a maximum sentence of 20 years in prison, a $1,000,000 fine, or both, and a period of supervised release of at least 3 years up to life. If the Defendant is found by a preponderance of evidence to have violated a condition of supervised release, he may be incarcerated for an additional term of up to 2 years on any such revocation. There is also a $100 assessment to the Federal Crime Victims Fund. Restitution may also be ordered.

Upon acceptance of the plea by the Court and the imposition of sentence, this section shall be treated as a motion to dismiss the Indictment as it pertains to the Defendant pursuant to the terms of this Plea Agreement.

**D. VIOLATION OF TERMS AND CONDITIONS:** The Defendant acknowledges and understands that if she violates the terms of this plea agreement, engages in any further criminal activity, or fails to appear for sentencing, this plea agreement shall become voidable at the discretion of the United States and the Defendant will face the following consequences:

(1) All testimony and other information the Defendant has provided at any time to attorneys, employees, or law enforcement officers of the United States, to the Court, or to the federal grand jury may and will be used against her in any prosecution or proceeding.

(2) The United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against the Defendant, and to use any information obtained directly or indirectly from her in those additional prosecutions.

(3) The United States will be released from any obligations, agreements, or restrictions imposed upon it under this plea agreement.

**E. ACCEPTANCE OF RESPONSIBILITY:** The United States agrees that based upon the information known to it at this time, the Defendant is entitled to a two-level decrease in her offense level pursuant to U.S.S.G. § 3E1.1(a), provided no evidence is disclosed in the presentence report which indicates the Defendant has not demonstrated a recognition and affirmative acceptance of personal responsibility for her criminal conduct, and further provided she: (1) complies with the terms of this plea agreement; (2) testifies

3

truthfully during the change of plea hearing; (3) participates truthfully with the Probation Office in the presentence investigation; (4) does not violate any conditions of pretrial detention or release after she signs this agreement; and (5) continues to exhibit conduct consistent with acceptance of responsibility. Both the United States and the Defendant otherwise reserve the right to present evidence and make argument regarding sentencing.

**TIMELY ACCEPTANCE OF RESPONSIBILITY:** The United States agrees that the Defendant has timely notified authorities of her intention to enter a plea of guilty thereby permitting the United States and the Court to allocate their resources efficiently. Therefore, if the offense level determined prior to the operation of U.S.S.G. § 3E1.1(a) is level 16 or greater and the Defendant qualifies for a two-level decrease under U.S.S.G. § 3E1.1(a), this provision shall be treated at the sentencing hearing as a motion pursuant to U.S.S.G. § 3E1.1(b) to decrease the offense level by one additional level.

**F. GOVERNMENT'S RECOMMENDATION REGARDING SENTENCE - WITHIN THE GUIDELINE RANGE:** The Defendant and the United States understand and agree that the Court will determine the applicable Guideline range after reviewing the presentence report and considering any evidence or arguments submitted at the sentencing hearing. The United States agrees that it will recommend that the Court impose a sentence of imprisonment within the applicable Guideline range. The Defendant understands that any recommendation made by her or the United States is not binding on the Court. The

Defendant further understands that she may not withdraw her plea of guilty if the Court rejects any recommendation.

The United States reserves the right to present evidence and argument as to what it believes the applicable Guideline range should be and to respond to any request for a sentence below the applicable Guideline range. For the purposes of this agreement, the "applicable Guideline range" is the range found by the Court by reference to the Sentencing Table at U.S.S.G. § 5A based on the Defendant's total offense level and criminal history before adjustments, if any, are made based on a downward departure, an 18 U.S.C. § 3553(e) sentencing factor, or other variance.

September 19, 2022

**G.     SPECIAL ASSESSMENT:** The Defendant agrees to remit to the U.S. Clerk of Court a special assessment in the amount of $100, in full satisfaction of the statutory costs pursuant to 18 U.S.C. § 3013.

**H.     MONETARY OBLIGATIONS - DEFENDANT'S ONGOING DUTY:** The Defendant agrees, if requested by the United States, to promptly return an executed Authorization to Release Financial Records and Documents, an executed Authorization to Release Tax Returns and Attachments, current earnings statements, copies of his W-2s and an executed Financial Statement. The Defendant understands that this is an ongoing duty which begins upon execution of this plea agreement and continues until such time as payment of any financial obligation is remitted in full.

5

The Defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of any financial obligations imposed as part of the sentence in this case. The Defendant expressly authorizes the United States Attorney's Office to obtain credit reports on her prior to judgment.

The Defendant also agrees that if she is incarcerated, she will participate in the Bureau of Prisons' Inmate Financial Responsibility Program during any period of incarceration in order to pay any financial obligations ordered by the Court. The Defendant's agreement to participate in the Inmate Financial Responsibility Program does not limit the United States' right to pursue collection from other available sources. If there is no period of incarceration ordered, the Defendant agrees that payment of any financial obligations ordered by the Court shall be a condition of probation.

**I.** **UNDERSTANDING REGARDING FIREARMS:** The Defendant understands that upon conviction of the felony offense herein, she is not permitted to lawfully possess firearms or ammunition for firearms.

**J.** **RESERVING THE RIGHT TO REBUT OR CLARIFY MITIGATION INFORMATION:** The United States reserves the right to rebut or clarify matters set forth in the presentence investigation report, or raised by the Defendant in mitigation of her sentence, with evidence and argument.

**K.** **INELIGIBILITY FOR FEDERAL BENEFITS:** The Defendant further understands that under the provisions of 21 U.S.C. § 862, the Court has the

discretion to declare her ineligible for any and all federal benefits for a period of up to 5 years following conviction.

**L.     BASIS FOR PLEA OF GUILTY:** The Defendant agrees that the statement of facts, signed by the parties and incorporated herein by this reference, provides the basis for her guilty plea in this case, and is a true and accurate statement of her actions or omissions with regard to the charges to which she is entering a plea, and that the Court may rely thereon in determining the basis for her plea of guilty as provided for in this plea agreement.

**M.     WAIVER OF SPEEDY TRIAL:** The Defendant agrees to waive any rights to a speedy trial under either the United States Constitution or the Speedy Trial Act. This waiver is necessary so that the Court will have the benefit of all relevant information at sentencing.

**N.     PARTIES BOUND:** It is further understood and agreed that this agreement is limited to the United States Attorney's Office for the District of South Dakota, and that this agreement cannot and does not bind other federal, state, or local prosecuting authorities.

**O.     SCOPE OF AGREEMENT:** This agreement shall include any attachments, exhibits or supplements designated by the parties. It is further understood and agreed that no additional promises, agreements, or conditions have been entered into other than those set forth in this agreement, and this agreement supersedes any earlier or other understanding or agreement.

P. **WAIVER OF DEFENSES AND APPEAL RIGHTS:** The Defendant hereby waives all defenses and her right to appeal any non-jurisdictional issues. The parties agree that excluded from this waiver is the Defendant's right to appeal any decision by the Court to depart upward pursuant to the sentencing guidelines as well as the length of her sentence for a determination of its substantive reasonableness should the Court impose an upward departure or an upward variance pursuant to 18 U.S.C. § 3553(a).

**SUPPLEMENT TO PLEA AGREEMENT**

The United States will file a Supplement to Plea Agreement which is required to be filed in every case in compliance with the Court's Standing Order.

ALISON J. RAMSDELL
United States Attorney

September 19, 2022
Date

Kathryn N. Rich
Assistant United States Attorney
515 9th Street #201
Rapid City, SD 57701
Telephone: (605)342-7822
Facsimile: (605)342-1108
E-Mail: Kathryn.Rich@usdoj.gov

APPROVED:
ALISON J. RAMSDELL
United States Attorney
By:

GREGG S. PETERMAN
First Assistant U.S. Attorney

9/12/22
Date

_____
Jordan Dolney
Defendant

9/14/2022
Date

_____
John Fitzgerald
Attorney for Defendant